**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **TALIA L FERRIOLI**, Plaintiff, v. **COMMISSIONER OF SOCIAL SECURITY**, Defendant. | Case No. 6:23-cv-1081-SI **ORDER** |

**Michael H. Simon, District Judge.**

On February 28, 2024, the Court granted the stipulated motion to reverse the denial of Plaintiff's application for disability insurance benefits and remanded for further proceedings. On March 25, 2024, the Court granted Plaintiff's unopposed application for fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,430.56.

Plaintiff's counsel now moves for attorney's fees of $40,508 pursuant to 42 U.S.C. § 406(b). ECF 21. This figure represents 25% of Plaintiff's retroactive benefits. Plaintiff's counsel will refund to Plaintiff the $5,430.56 in EAJA fees previously awarded upon receipt of the § 406(b) fees. Defendant neither supports nor opposes the proposed award and leaves for the Court to determine whether the request is reasonable under the law. The Court must perform an

independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted in part.

**STANDARDS**

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d

at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

**DISCUSSION**

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. ECF 21-2. Plaintiff agreed to pay attorney's fees not to exceed 25% of the back benefits awarded. Here, the requested fee award is approximately 25% and thus is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is a reputable and experienced attorney and there were neither issues with the character of the representation nor any unreasonable delay caused by counsel. The Court granted two short extensions to Plaintiff to file the opening brief, which resulted in only nine days' delay. The Court thus finds no basis for a downward adjustment on these factors. Plaintiff's counsel also obtained a favorable result; a stipulated remand for further proceedings.

The Court notes, however, that a downward adjustment is appropriate because the issues in this case were not particularly complex or unusual and the case was voluntarily remanded by the Commissioner after Plaintiff filed her opening brief. *See Crawford*, 586 F.3d at 1153 (instructing the district court to "look at the complexity and risk involved *in the specific case* at issue to determine how much risk the firm assumed in taking the case" in assessing the reasonableness of the requested fees (emphasis added); *Stokes v. Comm'r of Social Sec. Admin.*, 432 F. App'x 672, 674 (9th Cir. 2011) (unpublished) (finding no error in the district court's reduction of a fee award where the proceedings were largely uncontested and the case was "relatively simple"). Plaintiff's counsel argues generally about the risks of litigating social security cases, but makes no argument about the specific risks or complexities *of this case*. *See*

*Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *5 (D. Or. Aug. 21, 2012) (reducing the nearly 22% requested fee award because counsel had "not met his burden of addressing the *specific* risks presented in this particular case in light of the Supreme Court's decision in *Gisbrecht* and the Ninth Circuit's opinion in *Crawford*" and that counsel had "simply neglected to explain with any specificity why the requested fee was reasonable given the facts in this case" (emphasis in original)); *Simmons v. Kijakazi*, 2023 WL 3746511, at *2 (D. Or. May 31, 2023) (reducing requested 25% fee award to approximately 18% in part because the issues were not complex and counsel failed to argue the risks and complexities of the case).

The Court also finds a basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier, gathering cases); *Clinton S. v. King*, 2025 WL 297033, at *4 (S.D. Cal. Jan. 24, 2025) (2.6 multiplier); *Clemens v. O'Malley*, 2024 WL 1257520, at *3 (D. Or. Mar. 25, 2024) (2.5 multiplier).

Counsel offers no lodestar information for the reasonableness check, but the Court takes judicial notice of the most recent Oregon State Bar Economic Survey. The average hourly rate for attorneys in Oregon in "other" areas of private practice is $340 and in downtown Portland is $400. Without argument to the contrary, the Court accepts the "average" Portland rate of $400, even though this case arose in the Eugene Division.

Counsel also makes no argument regarding a lodestar multiplier. In this case, counsel spent 22.2 hours, which results in a requested hourly rate of $1,824.68, and a multiplier of 3.5. The *Ellick* court surveyed cases and found that multipliers were awarded from one to 2.5 times the regular rate, unless a case achieved exceptional results or where counsel argued novel, case-specific risky positions. *Ellick*, 445 F. Supp. 2d at 1173; *see also Wenzel v. Colvin*, 2014 WL 3810247, at *3 (C.D. Cal. Aug. 1, 2014) (discussing same). Neither extraordinary circumstance is present here. The Court finds that a multiplier of 2.5 is sufficient to compensate counsel for the risk in this case.

The hourly rate of $400 with a 2.5 multiplier results in an hourly rate of $1,000. While the Ninth Circuit has discouraged a "court-wide policy" on fees in Social Security cases, "district judges can certainly consider the fees awarded by other judges in the same locality in similar cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (cleaned up). Fee awards of around a *de facto* hourly rate of $1,000, although on the high side, have been approved in this district. *See, e.g.*, *Clemens*, 2024 WL 1257520, at *3 (approving as reasonable "an effective hourly rate of $1000"); *Simmons*, 2023 WL 3746511, at *3 (same); *Ali v. Comm'r*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (same); *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240").

Given the lack of complexity of this case, the relatively low number of total hours billed, and in consideration of the results of the lodestar calculation and survey of other cases in this district done in aid of assessing reasonableness, the Court finds that counsel for Plaintiff has not met his burden of showing that the requested fee award is reasonable. *See, e.g.*, *Clemens*, 2024 WL 1257520, at *3 (reducing requested 25% award of $59,246.50 for 44.4 hours of work,

equaling $1,334/hour, to a 15.6% award of $44,400, effectively equaling $1,000/hour); *Simmons v. Kijakazi*, 2023 WL 3746511, at *1 (D. Or. May 31, 2023) (reducing requested 25% award of $19,461 for 13.9 hours of work, equaling $1,400/hour, to a 17.9% award of $13,900, effectively equaling $1000/hour); *Griffin v. Comm'r of Soc. Sec.*, 2021 WL 5745990, at *1-3 (D. Or. Dec. 2, 2021) (reducing requested 25% award of $20,343 for 14.8 hours of work, effectively equaling $1,375.54/hour, to an 18% award of $14,647.14, effectively equaling $989.67/hour); *Fintics*, 2013 WL 5524691, at *4-5 (reducing requested 25% award of $15,814 for 17.2 hours of work, effectively equaling $919/hour, to a 17% award of $10,753.52, effectively equaling $625/hour). Considering all of the relevant factors and policy considerations, the Court concludes that a reasonable fee award in this case is $22,200, approximately 13.7% of the back benefits amount.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 21. Plaintiff's counsel is awarded $22,200 in § 406(b) fees, representing approximately 13.7% of Plaintiff's retroactive benefits recovery. Plaintiff's counsel shall then refund to Plaintiff the $5,430.56 already received by counsel under EAJA. Any funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 US.C. 406(d), may be paid to John Haapala, 401 E 10th Avenue, Suite 240, Eugene, OR 97401, consistent with this Order.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge